## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
LARRY VALENTINE,                    :
                                    :        Civ. Action No. 04-3766 (KSH)
        Petitioner,                 :
                                    :
v.                                  :        **OPINION**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____:

**KATHARINE S. HAYDEN, U.S.D.J.**

This matter is before the Court on the United States' motion to dismiss petitioner's

application for post-conviction relief.  The Government argues that the post-conviction

challenge is untimely and must be dismissed.  The Court agrees that petitioner's challenge is

untimely and further finds that petitioner does not raise a meritorious issue based on his

admissions at his plea hearing.

**I.      Background**

Petitioner was charged in two indictments with unlawful possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2.  Indictment No.99-34 charged him

with knowingly possessing a loaded Jennings Bryco Model 48.380 semi-automatic handgun on

or about May 8, 1999.  Indictment No. 00-504 charged that he knowingly possessed a loaded

Astra Model A-75 9 millimeter handgun on or about June 1, 2000.  After pre-trial motion practice, petitioner pleaded guilty to both indictments on October 29, 2001.   On March 8, 2002, this Court sentenced him to concurrent terms of incarceration of 105 months on Indictment No. 99-345 and 120 months on Indictment No. 00-504.

Petitioner did not pursue a direct appeal.  Instead, on October 24, 2003, he filed a motion to dismiss the indictments based on lack of jurisdiction pursuant to 28 U.S.C. § 1651.  Based on how the motion was framed, it was docketed as part of petitioner's criminal case.   After reviewing petitioner's motion to dismiss, the Court issued an order on December 1, 2003 that recharacterized it as a § 2255 petition and, under Third Circuit precedent, gave petitioner an opportunity to withdraw the pleading and file an all-inclusive petition under that statute. Petitioner filed opposition to the recharacterization of his motion to dismiss.   Thereafter, the criminal case was closed.

On August 8, 2004 petitioner re-filed essentially the same post-conviction challenge, which was docketed as a civil case under 28 U.S.C. § 2255.  Again, petitioner has resisted viewing his submission under § 2255, and argues the same basis for relief.

**II.    Discussion**

A.    Petitioner's post-conviction challenge offers no basis for post-conviction relief

Procedural problems in a habeas corpus petition can prevent an examination of the merits and, as a consequence, the petition is usually examined first on a procedural basis.  But because petitioner has focused strenuously on the argument that this Court never had the jurisdiction to try him on the charges he pleaded to, the Court will deal with this issue and dispose of it with dispatch.  Valentine's own admissions before the Court established that he

committed a federal offense.

At his plea hearing, petitioner admitted: (1) that he was a convicted felon under New Jersey law; (2) that he did knowingly possess a loaded Jennings Bryco Model 48.380 semi-automatic handgun and a loaded Astra Model A-75 9 millimeter handgun in New Jersey; and (3) that he was guilty of the crime charged in each indictment, i.e., possession of a handgun in violation of 18 U.S.C. §§ 922(g)(1) and (2).  By pleading guilty to a violation of 18 U.S.C. §§ 992(g)(1) and 2, petitioner admits that the handguns he possessed affected commerce.  At the same time petitioner made these admissions as part of his guilty plea, the Government made a proof proffer that the handguns at issue were manufactured outside the State of New Jersey.  Specifically, the Assistant United States Attorney represented that the Jennings Bryco Model 48 .380 caliber semi-automatic handgun was manufactured in California and the Astra Model A-75 9 millimeter handgun was manufactured in Spain.

Accordingly, petitioner's post-conviction challenge based on lack of subject matter jurisdiction is without merit and must fail.

      B.     <u>Petitioner's initial post-conviction challenge was properly recharacterized as a § 2255 petition and is time-barred</u>

Moving to the main procedural deficiency in petitioner's post-conviction submissions, the Court finds that the untimeliness of his filings and his failure to follow the Court's directions in its Order issued on December 1, 2003 created procedural defaults early on in his post-conviction applications for relief.

Petitioner initially labeled his post-conviction challenge as a motion to dismiss for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1651.  The Court in its December 1, 2003

Order correctly recharacterized petitioner's submission as a § 2255 petition and properly advised him of the effects of the recharacterization pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). The Order provided a 45 day window for petitioner to withdraw his motion and re-file an all inclusive § 2255 motion; in the alternative, petitioner could submit the application as it was written, recharacterized as a §2255 petition. Petitioner opposed this recharacterization and continues to oppose it on the ground that a Court may not unilaterally recharacterize a petitioner's post-conviction challenge under Miller. Petitioner is misinformed.

The Court may recharacterize a *pro se* prisoner's post-conviction motion as a § 2255 petition, providing it "advise[s] the petitioner regarding the effect of such pleading in light of the Antiterrorism Effective Death Penalty Act ("AEDPA")." Miller, 197 F.3d at 652. Here, petitioner was provided with notice of recharacterization and an opportunity to withdraw his motion via the December 1, 2003 Order. This recharacterization was required because the sole procedural mechanism that permits a federal prisoner in custody collaterally to attack his/her sentence or conviction upon the ground that the court was without jurisdiction to impose such sentence is by means of a petition under § 2255. See 28 U.S.C. § 2255. Further § 1651 is an extraordinary remedy, and is generally used "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer in custody for purposes of 28 U.S.C. § 2255." United States v. Stoneman, 870 F.2d 102, 105 (3d Cir. 1989). Because petitioner is in custody, and he is complaining about custody, not post-custody consequences of that custody, the avenue for relief is § 2255.

As such, petitioner is bound by the procedural requirements of § 2255, as amended by the AEDPA , which includes a one-year statute of limitations:

-4-

A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of---
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2255.  Because petitioner has neither asserted that the Government has impeded the timely filing of his petition nor alleged that there are new facts or legal authority that would support his action, the limitations period for petitioner's motion began to run on the date on which his judgment of conviction became "final."

A "'judgment of conviction becomes final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari; or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires."  Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); see also Clay v. United States, 537 U.S. 522, 532 (2003).  If a defendant does not pursue a timely direct appeal, the conviction and sentence become final, and the limitations period begins to run on the date on which the time for filing such an appeal expired. Kapral, 166 F.3d at 577.

        Petitioner failed to file a timely direct appeal and so his conviction and sentence became final on the date his right to file an appeal expired.  Petitioner had 10 days from the entry of the judgment of conviction within which to file a direct appeal, see Fed. R. App. P. 4(b)(1)(A)(I), which was March 8, 2002.  Consequently, his judgment of conviction became final within the

meaning of § 2255 on March 18, 2002.  Pursuant to the limitations provision, petitioner had one

year from then to file a § 2255 petition.  Since petitioner's initial post-conviction motion was not

filed until October 24, 2003– 19 months after his conviction became final – his initial filing was

out of time under §2255.[1]  It is irrelevant that petitioner did not style that filing as a habeas

petition, or §2225 motion, or otherwise connect the dots.  The procedural requirements bound

him.  Besides, on August 6, 2004, when petitioner re-filed his post-conviction challenge, and it

drew a response from the Government in the form of this motion to dismiss, petitioner was even

further out of time.  Thus, both applications fail.

The Third Circuit came to a similar conclusion in United States v. Chew, 284 F.3d 468

(3d Cir. 2002).  In Chew, petitioner filed a post-conviction pleading nominally as a motion under

Rule 17 of the Federal Rules of Criminal Procedure.  The district court recharacterized the

pleading as a § 2255 petition, without issuing notice pursuant to Miller, and then, dismissed the

post-conviction challenge as untimely.   The petitioner appealed and the Third Court concluded

that "the district court did not err because at the time [petitioner] filed his Rule 17 motion he was

already barred by the statute of limitations from filing a § 2255 motion."  Chew, 284 F.3d at 469.

The Court also noted that not only was petitioner's Rule 17 motion already untimely when it was

filed, but any § 2255 petition he filed following a Miller notice would be time-barred as well.  In

this context, the court said, "providing Miller notice...would be an exercise in futility."  Id. at

471.

Petitioner's filings and resistance to the Court's directions demonstrate the problems the

---

[1]Aside from resisting the characterization of his post-conviction challenge, petitioner has
not supplied any basis for his untimeliness, nor does the record reveal one.

AEDPA sought to correct.  Prior to AEDPA, a defendant could file a § 2255 motion "at any time."  See Kapral, 166 F.3d at 573.  Congress chose to "set a one year limitation on an application for a habeas writ" in order to "curb the abuse of the statutory writ of habeas corpus, and to address the acute problems of unnecessary delay and abuse" in these types of petitions.  H.R. Conf. Rep. No. 518, 104th Cong., at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 944 (1996).  The Court's rulings on petitioner's applications have sought to deal with his underlying challenge to the Indictments as well as accommodate the remedial purposes behind the statutes that curb the relief available to him.

**III.  Conclusion**

For the reasons stated above, the Government's motion to dismiss is **granted** and accordingly, petitioner's petition for post-conviction relief is **dismissed**.  Because the Court finds that petitioner has not made any substantial showing of the denial of constitutional rights pursuant to 28 U.S.C. § 2253(c)(1)(B), a certificate of appealability will issue.

Dated:   June 30, 2005

s/ Katharine S. Hayden
_____**Katharine S. Hayden, U.S.D.J.**